Adam T. Hoffman, Esq. ID# 083992013
LEWIS BRISBOIS BISGAARD & SMITH LLP
One Riverfront Plaza, 8th Floor
Newark, New Jersey 07102
Tel: (973) 577-6260
Adam.Hoffman@lewisbrisbois.com
*Attorneys for Defendants, Manfred Sternberg, Esq.*
*and Manfred Sternberg & Associates, PC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VRC CONSULTING, INC.<br>d/b/a VRC MEDICAL SERVICES, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　- against -<br><br>MANFRED STERNBERG, ESQUIRE and<br>MANFRED STERNBERG & ASSOCIATES,<br>PC, and CHARLTON HOLDINGS GROUP,<br>LLC, and SAMUEL GROSS,<br><br>　　　　　　　　Defendants | Case No. 2:24-cv-00710<br>(MEF)(JSA)<br><br>**Motion Date:**<br>**May 20, 2024** |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT .........................................................................................................5

POINT I...............................................................................................................5

    PLAINTIFF'S CLAIMS FOR FRAUD IN THE INDUCEMENT, COMMON LAW FRAUD, AND CIVIL CONSPIRACY SHOULD BE DISMISSED ..................................................................5

POINT II .............................................................................................................10

    PLAINTIFF'S PARTICIPATION THEORY CLAIM  SHOULD BE DISMISSED ........................................................................................10

POINT III ............................................................................................................10

    PLAINTIFF'S BREACH OF CONTRACT AND  UNJUST ENRICHMENT CLAIMS SHOULD BE DISMISSED ....................10

    A.    The Sternberg Defendants are Neither Parties Nor Signatories to the Agreement Between Plaintiff and CHG....................................10

    B.    The Complaint Does Not Properly Plead a Claim for Unjust Enrichment ..........................................................................11

POINT IV............................................................................................................12

    THE STERNBERG DEFENDANTS ARE NOT SUBJECT  TO PERSONAL JURISDICTION IN THIS FORUM.............................12

POINT V .............................................................................................................15

    ALTERNATIVELY, THE ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT  FOR THE SOUTHERN DISTRICT OF TEXAS ...............................................15

CONCLUSION ....................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Federal Cases**

*Bergen Bev. Distribs. LLC v. E. Distribs., Inc.*,
  2022 U.S. Dist. LEXIS 50331 (D.N.J. Mar. 21, 2022) .....................................10

*Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*,
  226 F. Supp. 2d 557 (D.N.J. 2002).......................................................................9

*Display Works LLC v. Bartley*,
  182 F.Supp.3d 166 (D.N.J. 2016).......................................................................14

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007) .................................................................................5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  131 S. Ct. 2846 (2011).......................................................................................14

*Kuzian v. Electrolux Home Prods., Inc.*,
  937 F. Supp. 2d 599 (D.N.J. 2013).......................................................................6

*Marten v. Godwin*,
  499 F.3d 290 (3d Cir. 2007) ...............................................................................13

*O'Connor v. Sandy Lane Hotel Co., Ltd.*,
  496 F.3d 312 (3d Cir. 2007) ...............................................................................15

**State Cases**

*Gennari v. Weichert Co. Realtors*,
  148 N.J. 582 (1997) ..............................................................................................6

*Globe Motor Co. v. Igdalev*,
  225 N.J. 469 (2016) ............................................................................................11

*Jewish Ctr. of Sussex County v. Whale*,
  86 N.J. 619 (1981) ................................................................................................6

*Saltiel v. GSI Consultants, Inc.*,
  170 N.J. 297 (2002) ..............................................................................................9

**Statutes**

28 U.S.C. § 1404(a) ...................................................................................1

**Court Rules**

Fed. R. Civ. P. 9(b) ..................................................................................5

Fed. R. Civ. P. 12(b)(6)..............................................................................1

The Sternberg Defendants, by their attorneys Lewis Brisbois Bisgaard & Smith LLP, respectfully submit this reply memorandum of law in further support of their motion (the "Motion"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint for failure to state a claim or lack of personal jurisdiction, or alternatively, to transfer the action to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).[1]

## PRELIMINARY STATEMENT

For the reasons set forth in the Sternberg Defendants' moving brief, the Complaint fails to state a claim against them and should be dismissed. Specifically, the Sternberg Defendants argued that the Plaintiff failed to sufficiently allege the claims for fraud in the inducement (Count I), common law fraud (Count II), and civil conspiracy (Count III) because the Complaint does not plead with any particularity how the Sternberg Defendants knowingly contributed to or participated in the alleged fraudulent conduct attributable to their former clients, the CHG Defendants.

In light of the heightened pleading standard applicable to those fraud-based claims, the Complaint needed to set forth the particulars of the wrong with dates and

---

[1] Unless otherwise defined herein, capitalized terms have the definitions assigned in the Sternberg Defendants' moving brief ("Def. Br.") (ECF #11-1). The term "Pl. Br." refers to Plaintiff's opposition brief (ECF #13); the term "Sternberg Decl." refers to the Declaration of Manfred Sternberg, dated March 28, 2024, in support of the Motion (ECF #11-4); and the term "Corba Decl." refers to the Declaration of Stephen Corba, dated May 6, 2024, in opposition to the Motion (ECF #13-1).

items insofar as practicable. Instead, as highlighted in the moving brief, the Complaint contains vague and conclusory allegations and repeatedly uses the term "Defendants" without identifying which defendant made which alleged representation. There can be no dispute that the Complaint does not identify any specific pre-contractual or pre-wire representations made by Sternberg to Plaintiff, let alone when it was made, how it was made, or to whom.

In opposition, Plaintiff essentially concedes that the Complaint lacks the requisite particularity by presenting the Corba Declaration, which according to Plaintiff's brief, sets forth additional particular facts purportedly establishing the fraud perpetrated by Sternberg. Incredibly, despite acknowledging in its introductory section that it is not permitted to amend the Complaint in its opposition by presenting additional facts (Pl. Br. at 1), Plaintiff presents those facts in the legal argument section of its brief responding to the lack of particularity argument (*id.* at 18-19).

In other words, Plaintiff admits that the allegations set forth in the Corba Declaration cannot be considered by the Court (other than for opposing the lack of personal jurisdiction argument), but then proceeds to use those very allegations in an attempt to defeat the Sternberg Defendants' argument that the Complaint fails to plead fraud with sufficient particularity. Plaintiff's sharp practice cannot be countenanced by this Court. As Plaintiff admits, the Court cannot consider the Corba Declaration to the extent it attempts to bolster the allegations in the Complaint.

Moreover, the central allegation against the Sternberg Defendants is that they were not supposed to release the funds wired to their escrow account by Plaintiff, the Buyer, until the Goods had been delivered by CHG, the Seller, to a common carrier for delivery to Plaintiff. As explained in the Sternberg Defendants' moving brief, the plain terms of the Agreement fatally undermine that claim. In fact, both Paragraph 6 of the Agreement and the SOP (set forth in Exhibit E to the Agreement) make clear that the parties agreed the funds were to be released by the Sternberg Defendants to their client *before* the Goods were delivered to a common carrier.

In opposition, Plaintiff conveniently dodges this critical and undeniable fact. Instead, Plaintiff merely argues in conclusory fashion that the defense based on the Agreement cannot have merit because the Complaint alleges that CHG did not sign the Agreement. This argument is nonsensical. Plaintiff's request that the Court ignore the Agreement Plaintiff signed and annexed to its Complaint, and which clearly memorializes the terms governing the transaction at issue, must be rejected.

Plaintiff resorts to this same unavailing approach in arguing that the economic loss doctrine does not bar the common law fraud claim. But the reality that Plaintiff wishes to ignore is that it asserted a claim for breach of contract. It also annexed the Agreement it claims to have been breached to the Complaint. Moreover, many of the Complaint's allegations underpinning the fraud-based claims even cite to and rely upon the terms of the Agreement. Ultimately, it is well-settled that the common

law fraud claim is barred by the economic loss doctrine because the breach of contract claim is based on the very conduct upon which the fraud claim is based.

Additionally, despite arguing that "there is no binding contract" (Pl. Br. at 21), Plaintiff seeks to hold the Sternberg Defendants liable for breaching an Agreement that they were irrefutably not parties to despite their role in handling the funds as CHG's attorneys (Count VI). Even if Plaintiff is correct that the Sternberg Defendants were parties to the Agreement, which is undermined by the Agreement, there can be no question that they properly complied with the procedures set forth therein for handling the purchase funds. While Plaintiff now claims that Sternberg made representations that contradicted the plain terms of the Agreement, that has no bearing on the breach of contract claim, which requires an assessment of whether the facts as alleged, accepted as true, give rise to a claim that the Sternberg Defendants breached the Agreement annexed to the Complaint. Here, they do not.

While this preliminary statement focuses on the fraud-based claims and contract claim, the Sternberg Defendants' maintain, for the reasons set forth in their moving brief and below, that the participation theory claim (Count V) and unjust enrichment claim (Count VII) also fail as a matter of law.

With respect to the Sternberg Defendants' claim that the Court lacks personal jurisdiction over them, Plaintiff presents the Corba Declaration, which it summarily contends shows that Sternberg targeted Plaintiff in New Jersey. It appears the main

4

purpose of the Corba Declaration is to establish that Sternberg also acted as a principal of CHG in addition to its attorney. However, as detailed below, it does no such thing and that conclusory statement remains unsupported.

## ARGUMENT

## POINT I

## PLAINTIFF'S CLAIMS FOR FRAUD IN THE INDUCEMENT, COMMON LAW FRAUD, AND CIVIL CONSPIRACY SHOULD BE DISMISSED

Plaintiff concedes that the fraud-based claims – including fraud in the inducement (Count I), common law fraud (Count II), and civil conspiracy (Count III) – must be pled with particularity pursuant to Fed. R. Civ. P. 9(b), which imposes a heightened pleading standard on allegations of fraud and requires that a party "state with particularity the circumstances constituting fraud or mistake." *Ibid*.; *see also* Pl. Br. at 15.

The Sternberg Defendants maintain that the Complaint does not satisfy this standard. By repeatedly resorting to the term "Defendants" when discussing the alleged misrepresentations, without identifying which defendant, the Complaint fails to "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (citation omitted).

More specifically, in order to assert a cognizable fraud in the inducement claim, the first element that Plaintiff needs to allege is a material misrepresentation

of a presently existing or past fact. *Jewish Ctr. of Sussex County v. Whale*, 86 N.J. 619, 624 (1981). That is also the first element of a common law fraud claim. *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997); *Kuzian v. Electrolux Home Prods., Inc.*, 937 F. Supp. 2d 599, 614-615 (D.N.J. 2013).

Here, however, the Complaint fails to identify any pre-contractual or pre-wire representations specifically attributable to the Sternberg Defendants, let alone when such representation was made, how it was made, or to whom. For that reason alone, those claims fail. Plaintiff's conclusory contention that the allegations in the Complaint show the particular actions in which Sternberg participated in throughout the course of the parties' transaction misses the mark because it ignores the elements of those two claims. By failing to identify material misrepresentations of presently existing or past facts made by Sternberg prior to execution of the Agreement or Plaintiff's wiring of the funds, Plaintiff has failed to state a cause of action for fraud in the inducement or common law fraud.[2]

In another conclusory contention, Plaintiff claims that it can "bundle" allegations against all defendants because Sternberg was allegedly not only acting as counsel, but also as a member of CHG. (Pl. Br. at 20). But Plaintiff fails to provide a single citation to support this baseless theory, which must be rejected. In addition

---

[2] As addressed above, and as Plaintiff concedes before ignoring its concession, the Court must disregard the additional allegations set forth in the Corba Declaration.

to the fact that the Complaint does not allege that Sternberg is a member of CHG (he is not), even if he was, the allegations against Sternberg are not particular enough to permit the claims to survive directly as against him, as opposed to CHG.

Moreover, the essential allegation of all three fraud-based claims is the contention that to fraudulently induce Plaintiff to wire the purchase funds, "Defendants" represented that the funds would remain in the Sternberg Defendants' attorney escrow account and would not be released until after the Goods had been delivered to a common carrier for delivery to Plaintiff, but that the Sternberg Defendants wrongfully and prematurely released the funds. (Compl. at ¶¶ 46-51, 58-61, 69-70). However, as argued in the moving brief, the contention that the Sternberg Defendants prematurely released the purchase funds is flatly negated by plain terms of the Agreement. (Def. Br. at 7-8, 16-17; and Agreement at ¶ 6 and Exh. E).

As noted above, Plaintiff skirts this fatal flaw in its opposition and frivolously argues that the Court should ignore the Agreement because CHG never executed it. Yet again, Plaintiff fails to cite to any binding precedent supporting this position, which is preposterous given that Plaintiff annexed the Agreement to the Complaint *and even cites to the Agreement in support of the false claim regarding when the Sternberg Defendants were to release the funds*. In fact, Paragraph 17 of the Complaint states that the "funds were not to be released from escrow until after a Bill of Sale was delivered to Plaintiff and the Covid Test Kits were delivered to a

common carrier for delivery to Plaintiff, and the Bill of Lading and shipping documents also delivered to Plaintiff." (Compl. at ¶ 17). In support of that allegation, Plaintiff cites to Exhibit 1 to the Complaint (i.e., the Agreement), Paragraph 6.

But that is not at all what Paragraph 6 of the Agreement states. Rather, that provision expressly provides that the funds were first to be released to the Seller, and only after they cleared the Seller's account, the Seller was to provide the Bill of Sale and deliver the Goods to a common carrier:

> *Once the transferred funds have cleared in the Seller's account*, BILL OF SALE (EXHIBIT D) shall be provided, and Seller will deliver the Goods to a common carrier with instructions to deliver the Goods to the location(s) as directed by Buyer.

(Compl., Exh. A at ¶ 6) (emphasis added).

Further, the Agreement's Standard Operating Procedure (SOP), referenced in Paragraph 6 and outlined in Exhibit E to the Agreement, also expressly states that the funds were to be released to the Seller *before* title transferred to Plaintiff and *before* the Good were delivered to a common carrier:

1. Buyer to provide Purchase Order to Seller.
2. Seller's Attorney to draft and provide Buyer with Seller form of Sale and Purchase Agreement ("SPA").
3. Buyer and Seller execute SPA and Buyer wires Seller's Attorney the total purchase price called for in the Purchase Order.
4. **Purchase price funds released to Seller.**
5. Title Transfer to Goods to Buyer per SPA.
6. **Goods delivered to common carrier by Seller per SPA for delivery to buyer.**
7. **Seller to provide Buyer with BOL(s) and executed Bill of Sale for Goods shipped.**

8

(*Id*., Exh. 1 at Exhibit E) (emphasis added).

The Court cannot just accept an allegation that directly conflicts with the terms of the Agreement that Plaintiff itself presented and relies upon. To the extent Plaintiff alleges that certain representations were made outside the four corners of the Agreement, the Agreement specifically states that "[n]either party is relying upon any representation not contained in this Agreement." (*Id.*, Exh. 1 at ¶ 18). Plaintiff's opposition fails to address the import of the merger clause; and even if that clause is for some reason not effective, the Complaint does not specifically allege that Sternberg made any such pre-contractual or pre-wire representations.

In addition, the Sternberg Defendants maintain that Plaintiff's common law fraud claim is barred by the economic loss doctrine. Under New Jersey law, it is well-settled that "a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316 (2002); *see also Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 564 (D.N.J. 2002).

Plaintiff's response to this argument is the baseless position that there was no contract. Again, that position ignores that essentially all of the allegations regarding the Defendants' alleged breaches and misconduct are directly tied to the terms of the Agreement and the performance promised (by CHG) under the Agreement.

Further, as explained in the moving brief, "[w]here a pre-contractual misrepresentation relates to a defendant's future intent to perform under the contract, it will be considered intrinsic to the contract, and any related fraud claims will be dismissed." *Bergen Bev. Distribs. LLC v. E. Distribs., Inc.*, 2022 U.S. Dist. LEXIS 50331, at *25-26 (D.N.J. Mar. 21, 2022) (citation omitted). Here, since the fraud claims relate to CHG's future intent to perform under the Agreement, the related fraud claims must be dismissed.

## POINT II

### PLAINTIFF'S PARTICIPATION THEORY CLAIM <u>SHOULD BE DISMISSED</u>

The Complaint fails to allege a viable claim for participation theory (Count V) because Plaintiff does not sufficiently plead any of the fraud-based claims and the allegations underpinning the claim regarding Sternberg's premature releasing of the purchase funds are belied by the plain terms of the Agreement.

## POINT III

### PLAINTIFF'S BREACH OF CONTRACT AND <u>UNJUST ENRICHMENT CLAIMS SHOULD BE DISMISSED</u>

#### A.    The Sternberg Defendants are Neither Parties Nor Signatories to the Agreement Between Plaintiff and CHG

Count VI of the Complaint for breach of contract claim against the Sternberg Defendants fails because to prevail on a breach of contract claim, a plaintiff has the burden to first prove that the parties entered into a contract. *Globe Motor Co. v.*

*Igdalev*, 225 N.J. 469 (2016). It is undisputed that the Sternberg Defendants did not enter into a contract with Plaintiff for the sale of COVID-19 test kits. Rather, the Agreement is irrefutably between Plaintiff and CHG. Because the Sternberg Defendants were neither parties nor signatories to the Agreement, and did not have any obligation to deliver the Goods, they cannot be held liable for an alleged breach of that Agreement for failing to deliver the Goods. (Compl., Exh. 1). For this simple reason, this claim must be dismissed as against the Sternberg Defendants.

To the extent the Court believes that the Sternberg Defendants had any obligations under the Agreement related to the purchase funds, for the reasons addressed above and in the moving brief, they irrefutably complied with the procedures set forth in the Agreement for handling the funds wired by Plaintiff. The Court must reject Plaintiff's request that the Court ignore the plain terms of the Agreement because the Complaint contains a contradictory allegation that the funds were not to be released prior to CHG's delivery of the Good to a common carrier. Plaintiff's bizarre position ignores that a Court may consider document incorporated into the Complaint by reference, such as the Agreement here, which Plaintiff relies upon in support of its breach claim.

**B.  The Complaint Does Not Properly Plead a Claim for Unjust Enrichment**

Count VII for unjust enrichment claim fails for numerous reasons, including that Plaintiff does not allege one of the required elements of that claim: that the

11

Sternberg Defendants retained the purchase funds such that they received the benefit of them. As outlined in the moving brief, the Complaint specifically alleges that the Sternberg Defendants released the funds. (Comp. at ¶ 47).

In opposition, Plaintiff claims that the Court can reasonably infer from the Complaint that Sternberg received some benefit of Plaintiff funds even if that benefit is presently not known. (Pl. Br. at 28). It is entirely unclear what Plaintiff could possibly be referring to. The Complaint does not allege what sort of benefit the Sternberg Defendants could have received from the escrow funds that the Complaint alleges they released to CHG.

Moreover, even if the Court accepts that it can infer that the Sternberg Defendants received some unknown benefit, Plaintiff also fatally fails to allege that it expected renumeration from the Sternberg Defendants since they were not the Seller of the Goods and had no obligation to perform that task under the Agreement. For that reason alone, the claim fails.

## POINT IV

### THE STERNBERG DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN THIS FORUM

For the reasons set forth in the moving brief, supported by the Sternberg Declaration, this Court lacks personal jurisdiction over the Sternberg Defendants. In opposition, Plaintiff concedes that the Court lacks general jurisdiction over them, which means the sole question before the Court on this issue is whether the

requirements for specific jurisdiction have been met. In that regard, the Sternberg Declaration establishes that the Sternberg Defendants are citizens of the State of Texas, do not have any contacts with New Jersey, and have never conducted business within the State of New Jersey. (Sternberg Decl. ¶¶ 5-9). Sternberg further confirms that all of his activities in connection with the transaction at issue were performed from his office in Houston, Texas, and in his capacity as attorney for CHG.

In opposition, Plaintiff contends that the allegations set forth in the Corba Declaration show that Sternberg "targeted" Plaintiff in New Jersey as a central part of the alleged fraudulent scheme. (Pl. Br. at 6-7). But the self-serving and unsubstantiated allegations in the Corba Declaration are woefully deficient and Plaintiff thus failed to satisfy its burden of establishing personal jurisdiction over the Sternberg Defendants. *See Marten v. Godwin*, 499 F.3d 290, 295-296 (3d Cir. 2007).

The purpose of the Corba Declaration – which misleadingly has an electronic signature without any indication it is not an original signature (such as by inclusion of an /s/) – is clearly to convince the Court that Sternberg did not only act as attorney for CHG. If he did, actions taken by Sternberg in his capacity as attorney for CHG are insufficient to establish personal jurisdiction under the applicable standard. Specifically, Corba claims to "he came to know" Sternberg as a "principal" of CHG, without explaining how he came to know that. (Corba Decl. at ¶ 3). He merely states that Sternberg told him "about his involvement in [CHG] as well as the fact that he

13

acted as attorney for the company." (*Id.*) He further claims that "Sternberg acted as both principal for [CHG] and as [CHG's] attorney." (*Id.* at ¶ 8). Again, Corba fails to explain which specific conduct led him to arrive at that conclusion. Tellingly, Corba never specifically states that he *knows* Sternberg to be a principal of CHG.

Ultimately, Plaintiff relies upon the allegations that Sternberg was purportedly involved in a telephone conversation leading up to the transaction. Despite more conflation and obfuscation, none of the allegations in the Corba Declaration establish that Sternberg participated in these calls in anything but his capacity as attorney for CHG. Critically, Corba does not state that Sternberg initiated the alleged call that preceded the transaction at issue. Rather, Corba vaguely states that "Charlton [i.e., CHG] reached out to VRC" to discuss the proposed transaction. (*Id.* at ¶ 5). This omission is telling. Nor does Corba allege that Sternberg discussed anything but his role as escrowee for the purchase funds, which he clearly performed in his capacity as CHG's attorney, as the Agreement makes abundantly clear.

Even assuming the truth of the allegations in the Corba Declaration, they only confirm that Sternberg's involvement in the alleged discussion concerned his role in handling the funds. If Plaintiff believed that Sternberg was a principal of CHG and had a pecuniary interest in the transaction, Plaintiff would not have relied upon his alleged assurance that the transaction "would take place in a financially safe manner" as it now claims. (*Id.* at ¶ 8). Further, the only documents provided in support of the

14

claim that Sternberg targeted Plaintiff or aimed his conduct at New Jersey are emails *sent by Plaintiff to Sternberg's law firm email address*. These certainly do not support the claim that Sternberg directed or aimed his conduct at New Jersey.

Because the Sternberg Defendants did not "purposefully direct [their] activities" in New Jersey, and instead merely served as legal counsel for a New York entity contracting with a New Jersey entity, subjecting them to jurisdiction here does not "comport[] with 'fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); *Display Works LLC v. Bartley*, 182 F.Supp.3d 166, 180 (D.N.J. 2016); *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

## POINT V

### ALTERNATIVELY, THE ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

The Sternberg Defendants maintain that since the contemplated transaction was governed by the Agreement, which is governed by the laws of the State of Texas, and the parties consented to jurisdiction in Texas, the Court should transfer the matter to the United States District Court for the Southern District of Texas.

### CONCLUSION

For the foregoing reasons, the Sternberg Defendants respectfully request that the Court grant their motion in its entirety and dismiss the Complaint as against them. In the alternative, the action should be transferred to Texas.

Dated: Newark, New Jersey
     May 13, 2024

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:  /s/ Adam T. Hoffman
    Adam T. Hoffman, Esq.
    One Riverfront Plaza, 8th Floor
    Newark, New Jersey 07102
    Tel.: 646-783-1737
    Adam.Hoffman@lewisbrisbois.com
    *Attorneys for Defendants*
    *Manfred Sternberg, Esq. and*
    *Manfred Sternberg & Associates, PC*