UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VRC CONSULTING, INC. d/b/a VRC MEDICAL SERVICES, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> MANFRED STERNBERG, ESQUIRE and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS <br><br> *Defendants.* | Civil Action No. 24-cv-710 (MEF)(JSA) <br><br> **OPINION and ORDER** |

\*   \*   \*

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with this case.

\*   \*   \*

Two of the Defendants[1] have moved to dismiss, in part for lack of personal jurisdiction. See Docket Entry 11.

In response, the Plaintiff contends there is specific personal jurisdiction, see Memorandum of Law in Opposition to Defendant Sternberg's Motion to Dismiss and to Change Venue ("Opposition Brief") at 5-8, or, alternatively, requests jurisdictional discovery. See id. at 8-9.

\*   \*   \*

In the Third Circuit, "jurisdictional discovery should be allowed unless the plaintiff's [jurisdictional] claim is clearly

---

[1] These are: Manfred Sternberg, Esq. and Manfred Sternberg & Associates, PC.

frivolous." Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997) (cleaned up).

Here, the Plaintiff argues the Court has personal jurisdiction because the Defendants purposefully directed their conduct at the Plaintiff in New Jersey, and the lawsuit arises out of that conduct. See Opposition Brief at 5-8 (citing O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d. Cir. 2007) and Calder v. Jones, 465 U.S. 783 (1984)).

The Plaintiff alleges the Defendants were part of a scheme that fraudulently induced it to pay for Covid test kits, which were never delivered. See Complaint ¶¶ 2-4, 43-66.

As part of the alleged scheme, the Plaintiff submits evidence of connections between the Defendants and New Jersey.

In particular, the Plaintiff's Vice President of Sales swears that one of the Defendants, a lawyer,[2] interacted directly with the Vice President "several times" in 2020. See Declaration of Stephen Corba ¶ 3. The Vice President further swears that, through these interactions, the Defendant-lawyer knew that the Plaintiff was located in New Jersey, see id. at ¶ 4 --- and that the Defendant-lawyer later spoke to the New Jersey-based Plaintiff about the allegedly fraudulent scheme. See id. at ¶ 8.

All this cuts in favor of jurisdictional discovery, as the Third Circuit has allowed for such discovery where, among other things, a defendant knowingly sent relevant communications into the forum state. See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 100 (3d Cir. 2004); see also Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003) (allowing for jurisdictional discovery where the defendant sent emails to New Jersey purchasers of the relevant product).

Accordingly, the motion to dismiss for lack of jurisdiction is denied without prejudice to renewal following tightly-targeted

---

[2] This Defendant is Manfred Sternberg.

2

and prompt jurisdictional discovery, which will go forward under the supervision of the United States Magistrate Judge.[3]

It is on this 21st day of June, 2024 **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

---

[3] The Defendants also move to dismiss on the merits, or alternatively, to transfer this case to Southern District of Texas. The Defendants may re-raise these arguments, if they wish, in any renewed motion filed after the close of jurisdictional discovery.