

Adam T. Hoffman
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
Adam.Hoffman@lewisbrisbois.com
Direct: 646.783.1737

December 20, 2024

**VIA CM/ECF**
Honorable Jessica S. Allen, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

  Re: *VRC Consulting Services, Inc. v. Manfred Sternberg, Esq., et al.*
    Case No.: 2-24-cv-00710-MEF-JSA

Dear Judge Allen:

  We represent defendants Manfred Sternberg, Esq. and Manfred Sternberg & Associates, PC (collectively, the "Sternberg Defendants") in the referenced action. We submit this joint status letter, with the consent of Plaintiff's counsel, pursuant to the Order issued on October 25, 2024. (ECF #22).

  As the Court knows, on December 10, 2024, we submitted a letter to the Court, on behalf of the Sternberg Defendants, requesting a telephone conference ahead of the telephone status conference scheduled for January 2, 2025, to discuss Plaintiff's dilatory tactics and discovery deficiencies, as well as their eleventh-hour cancellation of party depositions scheduled for December 10, 2024, and December 11, 2024. (ECF #24). We also requested leave to file a motion to compel and for costs.

  The following day, December 11, 2024, the Court issued an Order directing Plaintiff to respond to our letter by December 16, 2024 (ECF #25).

  On December 13, 2024, Plaintiff's counsel submitted a letter to the Court, which indicated that his ability to substantively respond had been hindered by medical circumstances involving Plaintiff's principal, Stephen Corba. (ECF #26). Plaintiff's counsel advised that he has commenced attempts to reschedule the depositions, but he has yet to receive a firm response from his client. Plaintiff's counsel further stated that he will continue his attempts with the understanding that Mr. Corba will appear in person and Mr. Sternberg will appear via Zoom, and that he was hopeful the parties could conclude the depositions before the December 23, 2024 deadline. He also asked me to let him know if Mr. Sternberg will be available this week for his Zoom deposition. Finally, counsel requested that the telephone conference scheduled for January 2, 2025, remain as scheduled.

Honorable Jessica S. Allen, U.S.M.J.
December 20, 2024
Page 2

On Saturday, December 14, 2024, Plaintiff's counsel, William Berman, Esq., sent me an email advising that he was on vacation until December 23, 2024, and to communicate with his colleague, Philip Rosenbach, Esq., to coordinate a date for Mr. Corba's deposition. He also asked if Mr. Sternberg was still willing travel to New Jersey for his deposition.

I promptly responded by advising Mr. Berman (copying Mr. Rosenbach) that his letter to the Court stated that Mr. Sternberg's deposition will be conducted via Zoom, and that Mr. Sternberg is generally available this week for a remote deposition. I also asked when Mr. Corba is available for deposition. Mr. Berman responded that Mr. Rosenbach would find out and let me know.

On Monday, December 16, 2024, I sent an email to Mr. Rosenbach asking him to let me know when Mr. Corba will be available this week for deposition. I reiterated that Mr. Sternberg is generally available this week for a remote deposition, but that the Sternberg Defendants are entitled to priority, which is how the initial schedule was structured, and that we intend to take Mr. Corba's deposition first. I also asked counsel to let me know if his client still intends to respond to the second deficiency letter, which Mr. Berman had previously advised would be served by December 9, 2024.

Shortly after I sent that email, on December 16, 2024, the Court issued an Order in response to Plaintiff's counsel's letter, stating that subject to the availability of defense counsel, Mr. Corba's deposition shall be completed on or before December 31, 2024, and all other depositions shall be completed on or before January 10, 2025. (ECF #27). The Order further stated that the telephone status conference shall proceed as scheduled on January 2, 2025, at 10:30 AM.

Upon receipt of that Order, I emailed Mr. Rosenbach to advise that I will be away for the holidays from December 21, 2024, through January 2, 2025, and thus unavailable to conduct Mr. Corba's deposition next week (the week beginning December 23). I reiterated that conducting Mr. Corba's deposition this week remains our preference, but that if he is for some reason not available this week, to please provide his availability between January 3 and January 10 (excluding January 8). I explained that we can figure out a date for Mr. Sternberg's remote deposition after we lock in a date for Mr. Corba, and that we can keep the Court apprised of scheduling in this joint status letter.

Mr. Rosenbach responded later that day, December 16, 2024, to advise that he has still not heard from Mr. Corba and has no information concerning his personal condition based on the medical procedure last week, but that as soon as he has some information, he will get back to me.

This afternoon, Plaintiff's counsel advised that Mr. Corba is available for deposition on January 9, 2025, and I confirmed that we can proceed on that date. Plaintiff's counsel also advised that he is available to conduct Mr. Sternberg's deposition on January 10, 2025. I advised in response that Mr. Sternberg is available on January 10 if the deposition can begin in the afternoon, and he is otherwise available on January 13 or January 15, 2025. We are awaiting counsel's response.

Honorable Jessica S. Allen, U.S.M.J.
December 20, 2024
Page 3

To date, Plaintiff has not yet responded to the second deficiency letter, which as noted, Mr. Berman had previously advised would be served by December 9, 2024.

Finally, due to an adjustment in my holiday travel plans, I am scheduled to fly home from Los Angeles the morning of January 2, 2025. Due to that conflict and the new deposition dates, we propose that the Court reschedule the telephone conference to a date following completion of depositions, which we anticipate will be on January 15, 2025, at the latest, at which time we will be prepared to address any outstanding discovery deficiencies.

We thank the Court for its consideration and attention to this matter.

Respectfully submitted,

/s/ *Adam T. Hoffman*

Adam T. Hoffman of
LEWIS BRISBOIS BISGAARD & SMITH LLP

<u>Section added by plaintiff's counsel:</u>

Dear Judge Allen:

We strongly dispute the defendant's accusation that the plaintiff is engaging in dilatory tactics and seeking to delay this matter. It is our understanding that the plaintiff's principal has been heavily preoccupied during the past several weeks by personal matters including health issues. For confidentiality reasons we have not been able to keep Mr. Hoffman fully advised of the circumstances at issue.

We have already responded to a detailed deficiency letter. The new issues presented by the defendant following the receipt of our deficiency response appear to be designed to harass the plaintiff or raise issues that have no apparent connection to the limited jurisdictional discovery the court has ordered. In any event it will probably take less than five minutes of deposition time to respond to these new issues.

We are trying to work with Mr. Hoffman on mutually available deposition dates. We have offered January 9, 2025, as the date for the plaintiff's deposition; this date is one of the dates offered to us by Mr. Hoffman. We will likewise work with Mr. Hoffman to choose a mutually acceptable date for the defendant's deposition.

Respectfully Submitted,
Berman Rosenbach LLC

By: *Philip Rosenbach*

Philip Rosenbach