

Adam T. Hoffman
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
Adam.Hoffman@lewisbrisbois.com
Direct: 646.783.1737

August 5, 2026

**VIA CM/ECF**

Honorable Michael E. Farbiarz, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

   Re:  *VRC Consulting Services, Inc. v. Manfred Sternberg, Esq., et al.*
       Case No.: 2-24-cv-00710-MEF-JSA

Dear Judge Farbiarz:

We represent defendants Manfred Sternberg, Esq. and Manfred Sternberg & Associates, PC (collectively, the "Sternberg Defendants") in the referenced action. We write to respectfully request that the Court hold an evidentiary hearing to resolve the dispute concerning whether this Court has personal jurisdiction over the Sternberg Defendants.

As background, on March 29, 2024, the Sternberg Defendants moved to dismiss the Complaint for failure to state a claim and lack of personal jurisdiction, or in the alternative, to have this matter transferred to Texas. (ECF #11). On June 21, 2024, this Court issued an Opinion and Order denying the motion "without prejudice to renewal following tightly targeted and prompt jurisdictional discovery." (ECF #15). The parties then engaged in jurisdictional discovery, including written discovery, document productions, and party depositions. Thereafter, the Sternberg Defendants renewed their motion to dismiss on May 7, 2025 (the "Renewed Motion") (ECF #44).

On October 3, 2025, Your Honor heard oral argument on the portion of the Renewed Motion concerning the Sternberg Defendants' contention that this Court lacks specific jurisdiction over them (the "Argument"). During the Argument, Your Honor identified the key issue that had been raised in the Renewed Motion—namely, that Plaintiff's claim for personal jurisdiction rested on the credibility of Plaintiff's representative, Stephen Corba, and the Sternberg Defendants extensively attacked and undermined his credibility. See Argument Transcript, enclosed herewith, at 17:22-18:2 ("the problem… is we could end up with a trial—when do I get to figure out if there's jurisdiction here? The problem is simply Mr. Corba might be lying, and if he's lying, there's no jurisdiction; and also if he's lying, you lose at trial, I think.")

Honorable Michael E. Farbiarz, U.S.D.J.
August 5, 2026
Page 2

Ultimately, Your Honor framed the issue as follows:

What I'm wondering is what is the law on that, which is to say we all understand that jurisdiction is a funny 12(b)(1) thing because it sometimes requires going outside the pleadings.

We have now gone outside the pleadings, and the question is, outside the pleadings as we are, do I take what has been found in jurisdictional discovery, do I take it on its face as true or do I make factual determinations based on it. Those are questions I don't know the answer to.

(Argument Transcript at 16:2-10).

We write to address the questions Your Honor raised during the Argument and provide authority that allows this Court, at its discretion, to conduct an evidentiary hearing where, as here, factual disputes remain unresolved. While, as addressed further below, an evidentiary hearing may not be required, we respectfully submit that it would be a manifest injustice if the Court did not conduct an evidentiary hearing to assess the credibility of Mr. Corba at this stage. There is no good reason to wait until the parties and this Court expend significant additional resources on this case to find out if the Court believes Mr. Corba's patently insupportable story. Indeed, his bald testimony is the sole support for Plaintiff's contention that jurisdiction exists over the Sternberg Defendants, but there are serious issues with his credibility as detailed extensively in the Sternberg Defendants' motion papers. Your Honor has already noted that the Sternberg Defendants made "very strong arguments" about Mr. Corba's lack of credibility. (See Argument Transcript at 8:17-19).

"Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007). While neither the Third Circuit nor the District of New Jersey provide clear instructions concerning when an evidentiary hearing should be held, there can be no dispute that the Court *may*, at its discretion, hold a hearing when warranted. See Smith v. Integral Consulting Services, Inc., CIV.A. 14-597, 2014 WL 4828972 (W.D. Pa. Sept. 29, 2014) ("The Court notes that it recognizes its authority to order the parties to conduct discovery on contested jurisdictional issues and to hold an evidentiary hearing to permit the parties to present evidence on these issues. Indeed, this Court has ordered both discovery and evidentiary hearings in prior cases where personal jurisdiction has been contested by the parties.")[1]

---

[1] Courts in other circuits regularly hold evidentiary hearings where, as here, "the existence of jurisdiction turns on disputed factual questions…" See, e.g., Vass v. Volvo Trucks N. Am., Inc., 304 F. Supp. 2d 851 (S.D.W. Va. 2004); see also Combs v. Bakker, 886 F.2d 673 (4th Cir. 1989); Welsh v. Gibbs, 631 F.2d 436, 439 (6th Cir. 1980) ("[I]f the district court concludes that the written submissions have raised issues of credibility or disputed issues of fact which require resolution, it may conduct a preliminary evidentiary hearing.").

Honorable Michael E. Farbiarz, U.S.D.J.
August 5, 2026
Page 3

Ultimately, the case law suggests that there are two options before Your Honor: (1) to accept Mr. Corba's testimony as true and rule on jurisdiction based on the existing paper record; or (2) hold an evidentiary hearing to assess the credibility of both Mr. Corba and Mr. Sternberg. See Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (acknowledging that a district court may hold an evidentiary hearing). If there ever was a time for this Court to, at its discretion, order an evidentiary hearing, it would be in these circumstances where Plaintiff's jurisdictional arguments rely solely on contradictory and dubious testimony from a principal whose actual role with the Plaintiff is still unclear due to his conflicting testimony and who is a twice-convicted felon. Indeed, Mr. Corba has pled guilty on two separate occasions to being a co-conspirator in separate multi-million-dollar fraud schemes—including as recently as March 2026.[2] Evidence of his admitted engagement in fraud—dishonest crimes—should be factored into any assessment of his testimony. See FRE Rule 609(a)(2) ("the following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction…for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of a crime required proving—or the witness's admitting—a dishonest fact or false statement.")

We further note that when the Sternberg Defendants originally moved to dismiss the Complaint for, *inter alia*, lack of personal jurisdiction [ECF No. 11], Plaintiff requested jurisdictional discovery in its opposition. The resulting jurisdictional discovery yielded no additional support for Plaintiff's claim that this Court has personal jurisdiction over the Sternberg Defendants. Rather, the sole support for Plaintiff's position remains the bald statements of Mr. Corba, which have shifted from the sworn statements he made in opposition to the original motion. By way of example, but not limitation, while Mr. Corba initially claimed in opposition to the original motion to dismiss that Mr. Sternberg represented that he was a "principal" of Charlton Holdings Group ("CHG"), the seller in the transaction with Plaintiff, he later backtracked and testified at deposition that Mr. Sternberg represented that he was a "joint venture partner" with CHG rather than a principal. Of course, Plaintiff lacks documentary support for either contention.

Moreover, in determining whether to grant the instant request, the Court should take note that Plaintiff has failed to prosecute this action, resulting in the Sternberg Defendants being mired in a meritless case. During the Argument—which was held 20 months after Plaintiff filed the Complaint—Your Honor acknowledged the oddity of Plaintiff not having even attempted to bring defendants CHG and its principal, Samuel Gross, into this case. Further, after finally serving those "key defendants" on December 8, 2026 (ECF #58 and #59) at Your Honor's prodding (see Argument Transcript at 24:5-25:7), Plaintiff alerted the Court to that development on December 11, 2025 (ECF #60), but it has not taken any action whatsoever to move this case forward after submitting that letter, including failing to request a default against those defendants despite their failure to respond or appear.

---

[2] See USA v. Stephen F. Corba, Case No. 1:2011-cr-00523 and USA v. Stephen Corba, Jr., Case No.: 2:2026-cr-00003.

Honorable Michael E. Farbiarz, U.S.D.J.
August 5, 2026
Page 4

      Plaintiff's dereliction of this action has undermined the Court's interest in the orderly and efficient administration of its docket and prejudiced the Sternberg Defendants by requiring them to continue expending resources to monitor, defend, and push forward a stagnant action.

      As such, the Sternberg Defendants respectfully request that this Court conduct an evidentiary hearing to determine whether Plaintiff has established that this Court has jurisdiction over the Sternberg Defendants. In the alternative, to the extent this Court either determines that jurisdiction exists or opts to reserve its decision, we request that the Court allow the Sternberg Defendants to resubmit their motion to dismiss to seek a substantive ruling on the remaining portion of that motion (unrelated to jurisdiction), as contemplated in the Argument Transcript.

      Thank you for Your Honor's consideration and attention to this matter.

Respectfully submitted,

/s/ *Adam T. Hoffman*

Adam T. Hoffman of
LEWIS BRISBOIS BISGAARD & SMITH LLP

Encl.

cc: All Counsel of Record (via CM/ECF)