

## Jardim Meisner
## Salmon Sprague & Susser

———— ATTORNEYS AT LAW ————

Circular 230 Statement: Any federal tax advice contained in this letter (including any attachments or enclosures) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

SENDER'S EMAIL: MGILBERTI@JMSLAWYERS.COM

**Florham Park – Main Office**
30-B Vreeland Road, Suite 100
Florham Park, NJ 07932
Tel: 973.845.7640
Fax: 973.845.7645

**New York**
420 Lexington Avenue
Suite 300-19
New York, NY 10170
Tel: 646.205.8038

**Red Bank**
331 Newman Springs Road
Building 2, Suite 225
Red Bank, NJ 07701
Tel: 732.978.1920

August 7, 2026

Hon. Michael E. Farbiarz, U.S.D.J.
United States District Court
Lautenberg Post Office and Courthouse
Federal Square
Newark, NJ 07102

> **RE:    VRC Consulting, Inc. v. Manfred Sternberg, *et al.***
> **Docket No. 2:24-cv-00710**

Dear Judge Farbiarz:

We represent plaintiff VRC Consulting, Inc. in this case. We respond to the Sternberg defendants' August 5, 2026 letter to the Court, requesting "an evidentiary hearing to resolve the dispute whether the Court has personal jurisdiction over the Sternberg Defendants." We oppose the Sternberg defendant's request for an evidentiary hearing. Instead, we request re-argument of their motion to dismiss because all issues, except the service on the other defendants, were fully briefed and ready for the Court's determination.

You may recall that we were last before the Court to argue the Sternberg defendants' moition "for an order: (a) pursuant to Fed. R. Civ. P. Rule 12(b)(6), dismissing the action against moving defendants Manfred Sterberg, Esq. and Manfred Sterberg & Associates, PC, based on Plaintiff's failure to state a claim upon which relief can be grand and lack of personal jurisdiction, or (b) in the alternative, transferring the action to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a)." [Sternberg Defendants' "Notice of Motion, Return Date: June 16, 2025"]

Before the Sternberg defendants filed their motion and as part of the motion process, the Court ordered limited discovery involving the exchange of interrogatories and documents and depositions. The parties completed that discovery.

After that, the Sternberg defendants filed their motion. Significantly, in their motion, the Sternberg defendants attacked all six of VRC's claims on various grounds. They forcefully argued their position, cited authorities and asserted what they believed to be relevant facts.

**Nowhere in any of the defendants' papers did they request an evidentiary hearing.**

jmslawyers.com

JARDIM MEISNER SALMON
SPRAGUE & SUSSER
A PROFESSIONAL CORPORATION

August 7, 2026
Page 2

Apparently, at that time, they were satisfied with the record for purposes of their motion and arguments.

VRC responded, arguing that "The Well-Pled Allegations in the Complaint Show that: (a) the Sternberg Defendants Were an Integral Part of the Fraud; (B) They Released VRC's Money Without Proper Verification; (C) There is *In Personam* Jurisdiction; and (D) Venue in New Jersey is Proper." [Plaintiff's Opposing Brief, pp. 10-31]  In our brief, we cited the relevant authorities and explained, in detail, the basis for our position and the supporting facts.

Nothing has changed except that VRC has confirmed service over the CHG defendants.[1] These defendants are now before the Court and the Sternberg defendants can, if they wish, assert cross-claims against them.

At this point, the issues are joined and ready for determination.  There is no need for any additional expenditure of time, money or other resources to resolve these issues.

Thank you for your consideration.

Respectfully,

Michael V. Gilberti

MVG/ilb
cc:     Adam Hoffman, Esq.

---

[1] The CHG defendants have not responded with the required time-period under the Federal Rules of Civil Procedure.  As a result, VRC is in the process of moving for defaults against them.